**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NIAGARA UNIVERSITY and NIAGARA UNIVERSITY ICE COMPLEX, INC.<br>**Plaintiff,**<br><br>V.<br><br>HARTFORD FIRE INSURANCE COMPANY,<br><br>**Defendant(s).** | CIVIL ACTION<br><br>DOCKET NO. 5:25-cv-00137 (ECC/MJK) |

**NOTICE OF REMOVAL OF DEFENDANT
HARTFORD FIRE INSURANCE COMPANY**

Defendant Hartford Fire Insurance Company (hereinafter "Removing Defendant"), by and through its undersigned attorneys with this Notice of Removal (hereinafter "Notice"), hereby removes the instant action from the Supreme Court of New York, Niagara County, Index No. E185893/2025 to the United States District Court for the Northern District of New York, pursuant to 28 U.S.C. § 1332, and in support thereof states as follows:

1.      Plaintiffs, Niagara University and Niagara University Ice Complex, Inc. (hereinafter, "Plaintiffs"), commenced the above-referenced action by the filing of a Complaint (hereinafter, "Complaint") on or about January 7, 2025. (A true and correct copy of Plaintiffs' Complaint is attached hereto as Exhibit "A.").

2.      This lawsuit arises out of a first-party property insurance claim that Plaintiffs reportedly sustained to the Niagara University, Dwyer Ice Arena as a result of a loss that reportedly occurred on or about February 6, 2023. *See* Exhibit "A," ¶¶1, 4-5.

3.      Plaintiffs effectuated service of the Complaint upon Removing Defendant on January 22, 2025.

**Notice Timely Filed**

4.      This Notice is timely because it is filed within thirty (30) days of Removing Defendant's receipt of a "pleading, motion, order or other paper from which it may first be ascertained" that the action is removable. 28 U.S.C §1446(b).

5.      Furthermore, this Notice is timely because it is filed within one (1) year of the inception of the matter. 28 U.S.C §1446(c)(1).

6.      Pursuant to 28 U.S.C §1446(b), Removing Defendant's deadline for removal is February 23, 2025, and this Notice is timely filed.

**Citizenship of Parties**

7.      Upon information and belief and at all times relevant herein, including both the time of the Incident and the time of the filing of the instant Notice, Plaintiffs are incorporated and maintain their principal place of business in Syracuse, New York.

8.      In its Complaint, Plaintiff alleges that Removing Defendant is a Connecticut corporation that maintains its principal place of business in Connecticut. *See* Exhibit "A," ¶3.

9.      A corporation "shall be deemed to be a citizen of every State [in] which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. §1332(c)(1).

10.      Given the foregoing, complete diversity exists between Plaintiff (New York) and Removing Defendant (Connecticut), satisfying the requirements of 28 U.S.C. §1332(a)(1).

**Amount in Controversy**

11.      The amount in controversy in the instant matter is above $75,000.

12.      While Plaintiff's Complaint does not specify an exact amount of damages it is claiming in this litigation, documentation provided by Plaintiffs' representative during the

underlying claim, a copy of which is attached as Exhibit "B" to this Removal which document establishes that the amount of damages Plaintiffs seek compensation for is in excess of $75,000 thereby satisfying the amount in controversy requirement of 28 U.S.C. §1332(a).

## <u>Conclusion</u>

13.    For the reasons set forth above this action is properly removed to this Honorable Court by the Removing Defendant pursuant to 28 U.S.C. § 1332.

14.    Removal to this Honorable Court is proper insofar as this case was initially brought in a state court within the geographical area of the United States District Court for the Northern District of New York. 28 U.S.C. §1441(a).

15.    Removing Defendant has given written notice of the filing of this Notice pursuant to 28 U.S.C. §1446(d), by filing this Notice with the Supreme Court of New York, County of Niagara, and by giving written notice to Plaintiffs.

16.    All pleadings, process, orders and other filings in the State Court action are attached to this Notice as required by 28 U.S.C. §1441(a).

WHEREFORE, Defendant, Hartford Fire Insurance Company, by and through its attorneys, via this Notice of Removal, hereby removes the instant action from the Supreme Court of New York, County of Niagara, Index No. E185893/2025 to the United States District Court for the Norther District of New York, pursuant to 28 U.S.C. § 1332.

**MORGAN, AKINS & JACKSON PLLC**

BY:    _____

Dated: January 30, 2025

C. SCOTT RYBNY, ESQUIRE
18 East 41st Street, 6th Floor
New York, NY 10017
srybny@morganakins.com
Telephone: (212) 779-2925

EXHIBIT "A"



**Department of Financial Services**

**KATHY HOCHUL**
Governor

**ADRIENNE A. HARRIS**
Superintendent

STATE OF NEW YORK

Supreme Court, County Of Niagara

E185893/2025

Niagara University and Niagara University Ice Complex, Inc.        Plaintiff(s)

against

Defendant(s)

Hartford Fire Insurance Company

RE :Hartford Fire Insurance Company

Attorney for Plaintiff(s) and Defendant(s) please take notice as follows:

Attorney for  Plaintiff(s) is hereby advised of acknowledgement of service upon this Department Summons & Complaint & Notice of Electronic Filing in the above entitled action on January 13, 2025 at Albany, New York. The $40.00 fee is also acknowledged.

Original to Attorney for Plaintiff(s):

    Lynn Law Firm LLP
    Attorneys for Plaintiffs
    333 West Washington Street
    Suite 100
    Syracuse, New York 13202

Pursuant to the requirement of section 1212 of the Insurance Law, Defendant(s) is hereby notified of service as effected above. A copy of the paper is enclosed.

Duplicate to Defendant:

    Mohamed Dansoko
    Hartford Fire Insurance Company
    C/O C T Corporation System 28 Liberty St.
    New York, New York 10005

**Rawle Lewis**
**Director of Producer Licensing**

Dated Albany, New York, January 17, 2025
 761546                    jfemia

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** NIAGARA
-------------------------------------------------------------------x
Niagara University and Niagara University Ice Complex
Inc.,

                        Plaintiff/Petitioner,

         - against -                Index No.E185893/2025

Hartford Fire Insurance Company,

                    Defendant/Respondent.
-------------------------------------------------------------------x

### NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because**:

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

        - serving and filing your documents electronically

        - free access to view and print your e-filed documents

        - limiting your number of trips to the courthouse

        - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: January 7, 2025 _____

Kelsey W. Shannon, Esq.
    Name

Lynn Law Firm, LLP

    Firm Name

333 W. Washington Street, Suite 100
    Address

Syracuse, NY 13202

(315) 474-1267
    Phone

kshannon@lynnlaw.com
    E-Mail

To: Hartford Fire Insurance Company

One Hartford Plaza

Hartford, CT 06155-0001

FILED: NIAGARA COUNTY CLERK 01/07/2025 03:31 PM          INDEX NO. E185893/2025
NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 01/07/2025

STATE OF NEW YORK
SUPREME COURT      COUNTY OF NIAGARA

---

NIAGARA UNIVERSITY and NIAGARA
UNIVERSITY ICE COMPLEX INC.,

                              Plaintiffs,

        -against-

HARTFORD FIRE INSURANCE COMPANY,

                              Defendant.

---

**SUMMONS**

Index No.    E185893/2025

Plaintiffs designate Niagara County as the place of trial.

The basis of the venue is the plaintiffs' loss location, Niagara University Dwyer Ice Arena, 5795 Lewison Road, Niagara University, New York.

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within **20** days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken by default for the relief demanded in the complaint.

Dated:   January 7, 2025
         Syracuse, New York

Kelsey W. Shannon, Esq.
LYNN LAW FIRM LLP
Attorneys for Plaintiffs
333 West Washington Street, Suite 100
Syracuse, NY  13202
Telephone:  (315) 474-1267
Email: kshannon@lynnlaw.com

**Defendant's Addresses:**

Hartford Fire Insurance Company, One Hartford Plaza, Hartford, CT 06155-0001

LYNN LAW FIRM, LLP    ATTORNEYS AT LAW    SYRACUSE, NEW YORK

Case 1:25-cv-00114-MAV   Document 1   Filed 01/30/25   Page 9 of 38

STATE OF NEW YORK
SUPREME COURT     COUNTY OF NIAGARA

NIAGARA UNIVERSITY and NIAGARA
UNIVERSITY ICE COMPLEX INC.,

                               Plaintiffs,

    -against-

HARTFORD FIRE INSURANCE COMPANY,

                               Defendant.

**VERIFIED COMPLAINT**

Index No.   E185893/2025

Plaintiffs, Niagara University and Niagara University Ice Complex Inc. (collectively, "Niagara" or "Plaintiffs"), by and through their attorneys, the Lynn Law Firm, LLP, complaining of the Defendant, Hartford Fire Insurance Company ("Hartford" or "Defendant"), allege and respectfully show to the Court as follows:

PARTIES

1.     Plaintiff Niagara University is a university organized and registered in New York State with a principal place of business located within the jurisdiction of New York State Supreme Court, Niagara County.

2.     Plaintiff Niagara University Ice Complex Inc. is a New York Corporation with a principal place of business located within the jurisdiction of New York State Supreme Court, Niagara County.

3.     At all relevant times herein, Hartford Fire Insurance Company was and is a Connecticut Corporation, is authorized to issue insurance policies for property and casualty in New York State and has a principal place of business in Hartford, Connecticut.

FILED: NIAGARA COUNTY CLERK 01/07/2025 03:31 PM    INDEX NO. E185893/2025

NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 01/07/2025

## INTRODUCTION

4.      This is an insurance coverage action relating to a loss sustained by Plaintiff to the property located at or about Niagara University, Dwyer Ice Arena, 5795 Lewiston Road, Niagara University, New York ("Insured Premises").

5.      At all relevant times herein, Plaintiffs owned the Insured Premises and certain real and business personal property located there.

6.      At all relevant times herein, Defendant regularly conducted and transacted business in the State of New York, and/or regularly contracted to supply their insurance products within the State of New York.

7.      At all relevant times herein, Defendant was and is duly authorized to conduct insurance business in the State of New York.

## THE LOSS

8.      On or about February 6, 2023, a sudden and unexpected loss occurred at the subject Insured Premises (the "Loss").

9.      The Loss caused significant damages to the Insured Premises and Plaintiffs.

10.     Plaintiffs promptly notified Defendant of the Loss and the claim.

## INSURANCE

11.     Defendant issued Plaintiffs a policy of insurance, Policy Number 01 UUN FH0560 ("the Policy").

12.     The Policy was in full force and effect on February 6, 2023, and at all relevant dates thereafter.

13.     At the time of the Loss, Plaintiffs had paid all premiums due and owing to Defendant, and there was full compliance on the part of the Plaintiffs with all terms and conditions of coverage.

2

INDEX NO. E185893/2025
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 01/07/2025

## CONTROVERSY

14.      Defendant has failed and refused to make payments under the Policy breaching its contractual obligations.

15.      By reason of the foregoing, an actual and justifiable controversy exists between Plaintiffs and Defendant regarding payment of Plaintiffs' Loss because Defendant has refused to recognize applicable contract terms and perform as obligated under the Policy.

## JURISDICTION AND VENUE

16.      The amount in controversy in this action exceeds the threshold of all lower courts and a substantial part of the events or omissions giving rise to the claim occurred within Niagara County.

## HARTFORD FIRE INSURANCE COMPANY DISCLAIMER

17.      By letter dated December 28, 2023, Hartford notified Plaintiffs that it had completed its investigation, and made a decision to deny all coverage for this Loss.

## AS AND FOR A CAUSE OF ACTION IN BREACH OF CONTRACT AGAINST HARTFORD FIRE INSURANCE COMPANY

18.      Plaintiffs repeat and reallege the allegations contained in Paragraphs "1" through "17" above as though fully restated here.

19.      Plaintiffs have fully complied with all terms, conditions, duties and obligations under the Policy.

20.      The Loss of February 6, 2023 was a covered loss.

21.      Hartford's disclaimer was wrongful.

22.      Hartford breached its obligations to provide insurance coverage under the Policy, and has unilaterally breached its covenant of good-faith and fair dealing implied in its Policy by deliberately,

3

LYNN LAW FIRM, LLP    ATTORNEYS AT LAW    SYRACUSE, NEW YORK

negligently, unlawfully and wrongfully mishandling Plaintiffs' claim and deliberately, negligently and wrongfully delaying payment of Plaintiffs' claim for coverage for damage at the Insured Premises.

23.    Hartford's failure and refusal to provide plaintiffs with coverage and full payment for any and all damages (less any applicable deductible), was and is in breach of its contractual obligations under the Policy.

24.    As a result of Hartford's breach of its obligations under the Policy, Plaintiffs have suffered direct damages in an amount to be proven at trial.

**WHEREFORE**, Plaintiffs demand judgment be entered against the Defendant for the following relief:

    a.  Compensatory damages arising out of the Loss in an amount to be proven at trial;

    b.  Applicable interest from the date of loss, date of disclaimer or such other date as the Court deems just and proper; and

    d.  For such other and further relief as this Court deems just and proper.

Dated:  January 7, 2025
       Syracuse, New York

Kelsey W. Shannon, Esq.
LYNN LAW FIRM LLP
Attorneys for Plaintiffs
333 West Washington Street, Suite 100
Syracuse, NY  13202
Telephone:  (315) 474-1267
Email: kshannon@lynnlaw.com

LYNN LAW FIRM, LLP    ATTORNEYS AT LAW    SYRACUSE, NEW YORK

4

FILED: NIAGARA COUNTY CLERK 01/07/2025 03:31 PM    INDEX NO. E185893/2025
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 01/07/2025

### ATTORNEY VERIFICATION

Kelsey W. Shannon, Esq., an attorney duly admitted to practice law in the State of New York, under penalties of perjury, affirms the following: that deponent is the attorney for NIAGARA UNIVERSITY and NIAGARA UNIVERSITY ICE COMPLEX INC. in the action within; that deponent has read the foregoing SUMMONS AND VERIFIED COMPLAINT and knows the contents thereof; that same is true to the deponent's own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters believes it to be true; and the reasons this verification is not made by NIAGARA UNIVERSITY and NIAGARA UNIVERSITY ICE COMPLEX INC. and is made by deponent is that NIAGARA UNIVERSITY and NIAGARA UNIVERSITY ICE COMPLEX INC. are not presently located in the county where the deponent-attorney maintains his office.

Dated:    January 7, 2025
          Syracuse, New York

Kelsey W. Shannon, Esq.
LYNN LAW FIRM LLP
Attorneys for Plaintiffs
333 West Washington Street, Suite 100
Syracuse, NY 13202
Telephone: (315) 474-1267
Email: kshannon@lynnlaw.com

LYNN LAW FIRM, LLP    ATTORNEYS AT LAW    SYRACUSE, NEW YORK

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** NIAGARA
------------------------------------------------------------------x
Niagara University and Niagara University Ice Complex
Inc.,

Plaintiff/Petitioner,

- against -                                    Index No.E185893/2025

Hartford Fire Insurance Company,

Defendant/Respondent.
------------------------------------------------------------------x

**NOTICE OF ELECTRONIC FILING**
**(Mandatory Case)**
(Uniform Rule § 202.5-bb)

**You have received this Notice because**:

> 1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

> 2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

- serving and filing your documents electronically

- free access to view and print your e-filed documents

- limiting your number of trips to the courthouse

- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: January 7, 2025

Kelsey W. Shannon, Esq.
Name
Lynn Law Firm, LLP

Firm Name

333 W. Washington Street, Suite 100
Address

Syracuse, NY 13202

(315) 474-1267
Phone

kshannon@lynnlaw.com
E-Mail

To: Hartford Fire Insurance Company

One Hartford Plaza

Hartford, CT 06155-0001

FILED: NIAGARA COUNTY CLERK 01/07/2025 03:31 PM    INDEX NO. E185893/2025

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 01/07/2025

STATE OF NEW YORK
SUPREME COURT    COUNTY OF NIAGARA

---

NIAGARA UNIVERSITY and NIAGARA
UNIVERSITY ICE COMPLEX INC.,

                              Plaintiffs,

     -against-

HARTFORD FIRE INSURANCE COMPANY,

                            Defendant.

**SUMMONS**

Index No.    E185893/2025

---

Plaintiffs designate Niagara County as the place of trial.

The basis of the venue is the plaintiffs' loss location, Niagara University Dwyer Ice Arena, 5795 Lewison Road, Niagara University, New York.

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within **20** days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken by default for the relief demanded in the complaint.

Dated:   January 7, 2025
          Syracuse, New York

                            Kelsey W. Shannon, Esq.
                            LYNN LAW FIRM LLP
                            Attorneys for Plaintiffs
                            333 West Washington Street, Suite 100
                            Syracuse, NY  13202
                            Telephone:  (315) 474-1267
                            Email: kshannon@lynnlaw.com

**Defendant's Addresses:**

Hartford Fire Insurance Company, One Hartford Plaza, Hartford, CT 06155-0001

LYNN LAW FIRM, LLP    ATTORNEYS AT LAW    SYRACUSE, NEW YORK

FILED: NIAGARA COUNTY CLERK 01/07/2025 03:31 PM

NYSCEF DOC. NO. 1

INDEX NO. E185893/2025

RECEIVED NYSCEF: 01/07/2025

STATE OF NEW YORK
SUPREME COURT    COUNTY OF NIAGARA

NIAGARA UNIVERSITY and NIAGARA
UNIVERSITY ICE COMPLEX INC.,

**VERIFIED COMPLAINT**

                                    Plaintiffs,

                -against-

Index No.    E185893/2025

HARTFORD FIRE INSURANCE COMPANY,

                                    Defendant.

Plaintiffs, Niagara University and Niagara University Ice Complex Inc. (collectively, "Niagara"

or "Plaintiffs"), by and through their attorneys, the Lynn Law Firm, LLP, complaining of the Defendant,

Hartford Fire Insurance Company ("Hartford" or "Defendant"), allege and respectfully show to the

Court as follows:

## PARTIES

1.    Plaintiff Niagara University is a university organized and registered in New York State

with a principal place of business located within the jurisdiction of New York State Supreme Court,

Niagara County.

2.    Plaintiff Niagara University Ice Complex Inc. is a New York Corporation with a principal

place of business located within the jurisdiction of New York State Supreme Court, Niagara County.

3.    At all relevant times herein, Hartford Fire Insurance Company was and is a Connecticut

Corporation, is authorized to issue insurance policies for property and casualty in New York State and

has a principal place of business in Hartford, Connecticut.

FILED: NIAGARA COUNTY CLERK 01/07/2025 03:31 PM    INDEX NO. E185893/2025

NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 01/07/2025

### INTRODUCTION

4.    This is an insurance coverage action relating to a loss sustained by Plaintiff to the property located at or about Niagara University, Dwyer Ice Arena, 5795 Lewiston Road, Niagara University, New York ("Insured Premises").

5.    At all relevant times herein, Plaintiffs owned the Insured Premises and certain real and business personal property located there.

6.    At all relevant times herein, Defendant regularly conducted and transacted business in the State of New York, and/or regularly contracted to supply their insurance products within the State of New York.

7.    At all relevant times herein, Defendant was and is duly authorized to conduct insurance business in the State of New York.

### THE LOSS

8.    On or about February 6, 2023, a sudden and unexpected loss occurred at the subject Insured Premises (the "Loss").

9.    The Loss caused significant damages to the Insured Premises and Plaintiffs.

10.    Plaintiffs promptly notified Defendant of the Loss and the claim.

### INSURANCE

11.    Defendant issued Plaintiffs a policy of insurance, Policy Number 01 UUN FH0560 ("the Policy").

12.    The Policy was in full force and effect on February 6, 2023, and at all relevant dates thereafter.

13.    At the time of the Loss, Plaintiffs had paid all premiums due and owing to Defendant, and there was full compliance on the part of the Plaintiffs with all terms and conditions of coverage.

2

**CONTROVERSY**

14.    Defendant has failed and refused to make payments under the Policy breaching its contractual obligations.

15.    By reason of the foregoing, an actual and justifiable controversy exists between Plaintiffs and Defendant regarding payment of Plaintiffs' Loss because Defendant has refused to recognize applicable contract terms and perform as obligated under the Policy.

**JURISDICTION AND VENUE**

16.    The amount in controversy in this action exceeds the threshold of all lower courts and a substantial part of the events or omissions giving rise to the claim occurred within Niagara County.

**HARTFORD FIRE INSURANCE COMPANY DISCLAIMER**

17.    By letter dated December 28, 2023, Hartford notified Plaintiffs that it had completed its investigation, and made a decision to deny all coverage for this Loss.

**AS AND FOR A CAUSE OF ACTION IN BREACH OF CONTRACT AGAINST HARTFORD FIRE INSURANCE COMPANY**

18.    Plaintiffs repeat and reallege the allegations contained in Paragraphs "1" through "17" above as though fully restated here.

19.    Plaintiffs have fully complied with all terms, conditions, duties and obligations under the Policy.

20.    The Loss of February 6, 2023 was a covered loss.

21.    Hartford's disclaimer was wrongful.

22.    Hartford breached its obligations to provide insurance coverage under the Policy, and has unilaterally breached its covenant of good-faith and fair dealing implied in its Policy by deliberately,

3

negligently, unlawfully and wrongfully mishandling Plaintiffs' claim and deliberately, negligently and wrongfully delaying payment of Plaintiffs' claim for coverage for damage at the Insured Premises.

23.    Hartford's failure and refusal to provide plaintiffs with coverage and full payment for any and all damages (less any applicable deductible), was and is in breach of its contractual obligations under the Policy.

24.    As a result of Hartford's breach of its obligations under the Policy, Plaintiffs have suffered direct damages in an amount to be proven at trial.

**WHEREFORE**, Plaintiffs demand judgment be entered against the Defendant for the following relief:

      a.   Compensatory damages arising out of the Loss in an amount to be proven at trial;

      b.   Applicable interest from the date of loss, date of disclaimer or such other date as the Court deems just and proper; and

      d.   For such other and further relief as this Court deems just and proper.

Dated:   January 7, 2025
           Syracuse, New York

Kelsey W. Shannon, Esq.
LYNN LAW FIRM LLP
Attorneys for Plaintiffs
333 West Washington Street, Suite 100
Syracuse, NY 13202
Telephone: (315) 474-1267
Email: kshannon@lynnlaw.com

LYNN LAW FIRM, LLP    ATTORNEYS AT LAW    SYRACUSE, NEW YORK

4

FILED: NIAGARA COUNTY CLERK 01/07/2025 03:31 PM    INDEX NO. E185893/2025

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 01/07/2025

## ATTORNEY VERIFICATION

Kelsey W. Shannon, Esq., an attorney duly admitted to practice law in the State of New York, under penalties of perjury, affirms the following: that deponent is the attorney for NIAGARA UNIVERSITY and NIAGARA UNIVERSITY ICE COMPLEX INC. in the action within; that deponent has read the foregoing SUMMONS AND VERIFIED COMPLAINT and knows the contents thereof; that same is true to the deponent's own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters believes it to be true; and the reasons this verification is not made by NIAGARA UNIVERSITY and NIAGARA UNIVERSITY ICE COMPLEX INC. and is made by deponent is that NIAGARA UNIVERSITY and NIAGARA UNIVERSITY ICE COMPLEX INC. are not presently located in the county where the deponent-attorney maintains his office.

Dated:   January 7, 2025
         Syracuse, New York

Kelsey W. Shannon, Esq.
LYNN LAW FIRM LLP
Attorneys for Plaintiffs
333 West Washington Street, Suite 100
Syracuse, NY 13202
Telephone: (315) 474-1267
Email: kshannon@lynnlaw.com

LYNN LAW FIRM, LLP    ATTORNEYS AT LAW    SYRACUSE, NEW YORK

EXHIBIT "B"

# ▲AIA® Document A101® – 2017

## *Standard Form of Agreement Between Owner and Contractor* where the basis of payment is a Stipulated Sum

**AGREEMENT** made as of the 24th  day of  February  in the year 2023
*(In words, indicate day, month and year.)*

**BETWEEN** the Owner:
*(Name, legal status, address and other information)*

NIAGARA UNIVERSITY
P.O. BOX 2015
Niagara University, New York   14109-2015

and the Contractor:
*(Name, legal status, address and other information)*

MOLLENBERG-BETZ INC
300 Scott Street
Buffalo, New York 14204

for the following Project:
*(Name, location and detailed description)*

NIAGARA UNIVERSITY
Project Location: Dwyer Arena
Project Name: Dwyer Arena Main Rink Subfloor Piping Replacement
Project Number:

The Architect:
*(Name, legal status, address and other information)*

The Owner and Contractor agree as follows.

Scope of Work
- Drain glycol from rink and subfloor piping into frac tank & totes.
- Disconnect rink and subfloor piping from system.
- Removal/reinstall of dasher boards has been provided in a separate proposal. Should owner prefer Mollenberg-Betz to subcontract this work, a 10% markup will be added.
- Dasher boards will remain on the "warm" perimeter slab.

**ADDITIONS AND DELETIONS:**
The author of this document has added information needed for its completion. The author may also have revised the text of the original AIA standard form. An *Additions and Deletions Report* that notes added information as well as revisions to the standard form text is available from the author and should be reviewed. A vertical line in the left margin of this document indicates where the author has added necessary information and where the author has added to or deleted from the original AIA text.

This document has important legal consequences. Consultation with an attorney is encouraged with respect to its completion or modification.

The parties should complete A101®–2017, Exhibit A, Insurance and Bonds, contemporaneously with this Agreement. AIA Document A201®–2017, General Conditions of the Contract for Construction, is adopted in this document by reference. Do not use with other general conditions unless this document is modified.

Init.

/

AIA Document A101 – 2017. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991, 1997, 2007 and 2017. All rights reserved. "The American Institute of Architects," "American Institute of Architects," "AIA," the AIA Logo, and "AIA Contract Documents" are registered trademarks of The American Institute of Architects. This document was produced at 10:45:29 ET on 03/21/2023 under Order No.2114418417 which expires on 03/19/2024, is not for resale, is licensed for one-time use only, and may only be used in accordance with the AIA Contract Documents® Terms of Service. To report copyright violations, e-mail docinfo@aiacontracts.com.
**User Notes:**                                                                                                                                    (1349137491)

1

- Remove a section of the existing bleachers and reinstall once boards are reinstalled.
- Cut out and remove the existing concrete floor, piping, and insulation.
- Cut & excavate header trench along the perimeter of the rink from the new valves outside to the header locations within the rink.
- Survey perimeter concrete to establish a benchmark for the new floor.
- Install (2) subfloor and rink floor temperature sensors to provide underfloor readouts.
- Install new HDPE subfloor heating piping and pressure test.
- Install sand base over subfloor system and survey floor to make sure it is level.
- Install (2) layers of 1-1/2" think Styrofoam insulation board (25psi) and survey elevations to confirm a uniform level is maintained.
- Install vapor barrier on top of insulation layer.
- Install new HDPE rink system headers in the floor and pipe along excavated trench to tie into valves located outside the rink.
- Install new rink system chairs with rebar reinforcement & HDPE rink piping.
- Install rink perimeter loop.
- Survey rink piping to make sure it is within elevation tolerances.
- Install expansion joint around the perimeter of the rink floor.
- Install steel mesh overtop of the rink piping & rebar.
- Pour new 5" concrete rink floor slab and level to within tolerances.
- Install compression joint over top the expansion joint around the perimeter of the rink.
- Backfill exterior header trench and pour new concrete slab.
- Re charge subfloor and rink floor systems with glycol, then circulate, vent and balance.
- Estimated duration of work is approximately 24 weeks.

Notes and Exceptions,
1. Sales or use taxes are not included in our pricing. If applicable, they will be added to the quoted price. If the project is treated as a capital improvement, the quoted price will increase by the cost incurred by Mollenberg-Betz.
2. No additional Rink Seal is included in the price.
3. No subfloor drainage included.
4. Rink is assumed to have zero permafrost.
5. Price does not include any major escalation costs.
6. All newly installed piping and system components shall be designed, installed and commissioned per the current ASME B31.5, ASHRAE-15, NY-IMC, and the ASME BPV codes, following good industry practices.
7. All existing isolation valves are required to hold properly. If valves do not hold as designed, then MBI to provide pump out of item in question on a T&M basis.
8. All work is assumed to be done on straight time. No overtime included.
9. Above pricing valid for 30 days.

AIA Document A101 – 2017. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991, 1997, 2007 and 2017. All rights reserved. "The American Institute of Architects," "American Institute of Architects," "AIA," the AIA Logo, and "AIA Contract Documents" are registered trademarks of The American Institute of Architects. This document was produced at 10:45:29 ET on 03/21/2023 under Order No.2114418417 which expires on 03/19/2024, is not for resale, is licensed for one-time use only, and may only be used in accordance with the AIA Contract Documents® Terms of Service. To report copyright violations, e-mail docinfo@aiacontracts.com.
User Notes:                                                                                                    (1349137491)

Init.

/

2

TABLE OF ARTICLES

1      THE CONTRACT DOCUMENTS

2      THE WORK OF THIS CONTRACT

3      DATE OF COMMENCEMENT AND SUBSTANTIAL COMPLETION

4      CONTRACT SUM

5      PAYMENTS

6      DISPUTE RESOLUTION

7      TERMINATION OR SUSPENSION

8      MISCELLANEOUS PROVISIONS

9      ENUMERATION OF CONTRACT DOCUMENTS

EXHIBIT A   INSURANCE AND BONDS

## ARTICLE 1   THE CONTRACT DOCUMENTS

The Contract Documents consist of this Agreement, Conditions of the Contract (General, Supplementary, and other Conditions), the Contract Bid Documents, Drawings, Specifications, Addenda issued prior to execution of this Agreement, other documents listed in this Agreement, and Modifications issued after execution of this Agreement, all of which form the Contract, and are as fully a part of the Contract as if attached to this Agreement or repeated herein. The Contract represents the entire and integrated agreement between the parties hereto and supersedes prior negotiations, representations, or agreements, either written or oral. An enumeration of the Contract Documents, other than a Modification, appears in Article 9.  In interpreting the Contract Documents, the Agreement and the General Conditions shall take priority over any supplemental or other conditions, drawings, specifications and other Contract Documents, unless expressly stated to the contrary in those other documents.

## ARTICLE 2   THE WORK OF THIS CONTRACT

The Contractor shall fully execute the Work described in the Contract Documents for all construction of Dwyer Arena Main Rink Subfloor Piping Replacement, including architectural, mechanical, electrical and sitework made necessary by the construction activity.  The work to be done under the contract and in accordance with the Contract Documents consists of performing, installing, furnishing and supplying all equipment, labor and incidentals necessary, as well as all duties and obligations imposed upon the Contractor, except as specifically indicated in the Contract Documents to be the responsibility of others.

## ARTICLE 3   DATE OF COMMENCEMENT AND SUBSTANTIAL COMPLETION

§ 3.1 The date of commencement of the Work shall be:
*(Check one of the following boxes.)*

[   ]    The date of this Agreement.

[   ]    A date set forth in a notice to proceed issued by the Owner.

[ X ]    Established as follows:
         *(Insert a date or a means to determine the date of commencement of the Work.)*

         The Work to be performed under this Agreement shall commence immediately upon receipt of the fully executed Contract.

If a date of commencement of the Work is not selected, then the date of commencement shall be the date of this Agreement.

AIA Document A101 – 2017. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991, 1997, 2007 and 2017. All rights reserved. "The American Institute of Architects," "American Institute of Architects," "AIA," the AIA Logo, and "AIA Contract Documents" are registered trademarks of The American Institute of Architects. This document was produced at 10:45:29 ET on 03/21/2023 under Order No.2114418417 which expires on 03/19/2024, is not for resale, is licensed for one-time use only, and may only be used in accordance with the AIA Contract Documents® Terms of Service. To report copyright violations, e-mail docinfo@aiacontracts.com.
User Notes:                                                                                                                                      (1349137491)

Init.

/

3

§ 3.2 The Contract Time shall be measured from the date of commencement of the Work. The Contractor acknowledges that time is of the essence for this Project.

§ 3.3 Substantial Completion
§ 3.3.1 Subject to adjustments of the Contract Time as provided in the Contract Documents, the Contractor shall achieve Substantial Completion of the entire Work:
*(Check one of the following boxes and complete the necessary information.)*

[  ]     Not later than   (   ) calendar days from the date of commencement of the Work.

[ X ]    By the following date: September 03, 2023

§ 3.3.2 Subject to adjustments of the Contract Time as provided in the Contract Documents, if portions of the Work are to be completed prior to Substantial Completion of the entire Work, the Contractor shall achieve Substantial Completion of such portions by the following dates:

| Portion of Work | Substantial Completion Date |
|---|---|

§ 3.3.3 If the Contractor fails to achieve Substantial Completion as provided in this Section 3.3, liquidated damages, if any, shall be assessed as set forth in Section 4.5.

§ 3.4 Scheduled Completion Dates. Within (   ) days of the date of the award of this Contract, the Contractor shall submit for the review of the Owner and the Architect a schedule ("Completion Date Schedule") that sets forth the rate of progress and practical order of the Work, including the scope of Work included in each such portion and also including the dates for starting and completing each portion of the Work, (each such completion date is a "Scheduled Completion Date"). Subject to delays and extensions of time as set forth in §8 .3 of the General Conditions, Contractor shall complete each portion of the Work by the applicable Scheduled Completion Date, as set forth on the Completion Date Schedule.

§ 3.5 Monthly Narrative Reports. In addition to all other reports required to be provided by the Contractor pursuant to the Construction Documents, the Contractor shall provide to the Owner and the Architect monthly narrative reports which shall include (i) a description of the current and anticipated problem areas, delaying factors, and their impact, (ii) an explanation of corrective action taken or proposed, and (iii) if the Project is not in compliance with the dates provided in the Completion Date Schedule, an explanation of what measures will be taken in the next thirty (30) days to put the Work back on schedule and in compliance with the Completion Date Schedule.

§ 3.6 The Contractor shall achieve final completion of the entire work no later than October 1, 2023. This shall include all punch list work and demobilization off-site.

## ARTICLE 4   CONTRACT SUM
§ 4.1 The Owner shall pay the Contractor the Contract Sum in current funds for the Contractor's performance of the Contract. The Contract Sum shall be One Million One Hundred Thousand Dollars and 00/ cents  ( $ 1,100,000.00  ), subject to additions and deductions as provided in the Contract Documents. The Contract Sum includes all expenses necessary to complete the Work and has taken into account all foreseeable factors, including but not limited to increased prices and delay.

§ 4.2 Alternates
§ 4.2.1 Alternates, if any, included in the Contract Sum:

| Item | Price |
|---|---|
| Base Bid: | $1,100,000.00 |
| Performance Bond Premium: | $0 |
| Alternates (Add/Deduct): | $0 |
| TOTAL CONTRACT SUM: | $1,100,000.00 |

AIA Document A101 – 2017. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991, 1997, 2007 and 2017. All rights reserved. "The American Institute of Architects," "American Institute of Architects," "AIA," the AIA Logo, and "AIA Contract Documents" are registered trademarks of The American Institute of Architects. This document was produced at 10:45:29 ET on 03/21/2023 under Order No.2114418417 which expires on 03/19/2024, is not for resale, is licensed for one-time use only, and may only be used in accordance with the AIA Contract Documents® Terms of Service. To report copyright violations, e-mail docinfo@aiacontracts.com.
User Notes:                                                                                      (1349137491)

Init.

/

4

**§ 4.2.2** Subject to the conditions noted below, the following alternates may be accepted by the Owner following execution of this Agreement. Upon acceptance, the Owner shall issue a Modification to this Agreement.
*(Insert below each alternate and the conditions that must be met for the Owner to accept the alternate.)*

| Item | Price | Conditions for Acceptance |
|------|-------|---------------------------|

**§ 4.3** Allowances, if any, included in the Contract Sum:
*(Identify each allowance.)*

| Item | Price |
|------|-------|
| NOT APPLICABLE | INCLUDE ALLOWANCES IF REQUIRED |

**§ 4.4** Unit prices, if any:
*(Identify the item and state the unit price and quantity limitations, if any, to which the unit price will be applicable.)*

| Item | Units and Limitations | Price per Unit ($0.00) |
|------|------------------------|------------------------|
| NOT APPLICABLE | | |

**§ 4.5** Liquidated damages, if any:
*(Insert terms and conditions for liquidated damages, if any.)*

NOT APPLICABLE

**§ 4.6** Other:
*(Insert provisions for bonus or other incentives, if any, that might result in a change to the Contract Sum.)*

NOT APPLICABLE

## ARTICLE 5    PAYMENTS
**§ 5.1 Progress Payments**
**§ 5.1.1** Based upon Applications for Payment submitted to the Architect by the Contractor and Certificates for Payment issued by the Architect, the Owner shall make progress payments on account of the Contract Sum to the Contractor as provided below and elsewhere in the Contract Documents.

**§ 5.1.2** The period covered by each Application for Payment shall be one calendar month ending on the last day of the month.

**§ 5.1.3** The Owner shall make payment of the amount certified to the Contractor within thirty (30) days after the Application for Payment is received by the Architect and approved by the Owner.
*(Federal, state or local laws may require payment within a certain period of time.)*

**§ 5.1.4** Each Application for Payment shall be based on the most recent schedule of values submitted by the Contractor in accordance with the Contract Documents. The schedule of values shall allocate the entire Contract Sum among the various portions of the Work. The schedule of values shall be prepared in such form, and supported by such data to substantiate its accuracy, as the Architect may require. This schedule of values shall be used as a basis for reviewing the Contractor's Applications for Payment.

Per the following payment schedule:

| | |
|---|---|
| Part 1 Due April 30th................................................................ | $250,000.00 |
| Part 2 Due May 31st................................................................. | $250,000.00 |
| Part 3 Due June 30th................................................................ | $250,000.00 |
| Part 4 Due July 31st................................................................. | $250,000.00 |
| Part 5 Due September 30th....................................................... | $100,000.00 |

Init.

/

AIA Document A101 – 2017. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991, 1997, 2007 and 2017. All rights reserved. "The American Institute of Architects," "American Institute of Architects," "AIA," the AIA Logo, and "AIA Contract Documents" are registered trademarks of The American Institute of Architects. This document was produced at 10:45:29 ET on 03/21/2023 under Order No.2114418417 which expires on 03/19/2024, is not for resale, is licensed for one-time use only, and may only be used in accordance with the AIA Contract Documents® Terms of Service. To report copyright violations, e-mail docinfo@aiacontracts.com.
User Notes:                                                                                                                    (1349137491)

5

**§ 5.1.5** Applications for Payment shall show the percentage of completion of each portion of the Work as of the end of the period covered by the Application for Payment.

**§ 5.1.6** In accordance with AIA Document A201™–2017, General Conditions of the Contract for Construction, and subject to other provisions of the Contract Documents, the amount of each progress payment shall be computed as follows:

**§ 5.1.6.1** The amount of each progress payment shall first include:
- .1 That portion of the Contract Sum properly allocable to completed Work;
- .2 That portion of the Contract Sum properly allocable to materials and equipment delivered and suitably stored at the site for subsequent incorporation in the completed construction, or, if approved in advance by the Owner, suitably stored off the site at a location agreed upon in writing; and
- .3 That portion of Construction Change Directives that the Architect determines, in the Architect's professional judgment, to be reasonably justified.

**§ 5.1.6.2** The amount of each progress payment shall then be reduced by:
- .1 The aggregate of any amounts previously paid by the Owner;
- .2 The amount, if any, for Work that remains uncorrected and for which the Architect has previously withheld a Certificate for Payment as provided in Article 9 of AIA Document A201–2017;
- .3 Any amount for which the Contractor does not intend to pay a Subcontractor or material supplier, unless the Work has been performed by others the Contractor intends to pay;
- .4 For Work performed or defects discovered since the last payment application, any amount for which the Architect may withhold payment, or nullify a Certificate of Payment in whole or in part, as provided in Article 9 of AIA Document A201–2017; and
- .5 Retainage withheld pursuant to Section 5.1.7.

**§ 5.1.7 Retainage**
**§ 5.1.7.1** For each progress payment made prior to Substantial Completion of the Work, the Owner may withhold the following amount, as retainage, from the payment otherwise due:
*(Insert a percentage or amount to be withheld as retainage from each Application for Payment. The amount of retainage may be limited by governing law.)*

Zero Percent (0%) Retainage

**§ 5.1.7.1.1** The following items are not subject to retainage:
*(Insert any items not subject to the withholding of retainage, such as general conditions, insurance, etc.)*

NOT APPLICABLE

**§ 5.1.7.2** Reduction or limitation of retainage, if any, shall be as follows:
*(If the retainage established in Section 5.1.7.1 is to be modified prior to Substantial Completion of the entire Work, including modifications for Substantial Completion of portions of the Work as provided in Section 3.3.2, insert provisions for such modifications.)*

NOT APPLICABLE

**§ 5.1.7.3** Except as set forth in this Section 5.1.7.3, upon Substantial Completion of the Work, the Contractor may submit an Application for Payment that includes the retainage withheld from prior Applications for Payment pursuant to this Section 5.1.7. The Application for Payment submitted at Substantial Completion shall not include retainage as follows:
*(Insert any other conditions for release of retainage upon Substantial Completion.)*

NOT APPLICABLE

**§ 5.1.8** Except with the Owner's prior approval, the Contractor shall not make advance payments to suppliers for materials or equipment which have not been delivered and stored at the site.

**Init.**

*I*

AIA Document A101 – 2017. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991, 1997, 2007 and 2017. All rights reserved. "The American Institute of Architects," "American Institute of Architects," "AIA," the AIA Logo, and "AIA Contract Documents" are registered trademarks of The American Institute of Architects. This document was produced at 10:45:29 ET on 03/21/2023 under Order No.2114418417 which expires on 03/19/2024, is not for resale, is licensed for one-time use only, and may only be used in accordance with the AIA Contract Documents® Terms of Service. To report copyright violations, e-mail docinfo@aiacontracts.com.
User Notes:                                                                                                          (1349137491)

*(Paragraph deleted)*
**§ 5.2 Final Payment**
**§ 5.2.1** Final payment, constituting the entire unpaid balance of the Contract Sum, shall be made by the Owner to the Contractor when

    .1    the Contractor has fully performed the Contract except for the Contractor's responsibility to correct Work as provided in Article 12 of AIA Document A201–2017, and to satisfy other requirements, if any, which extend beyond final payment; and

    .2    a final Certificate for Payment has been issued by the Architect.

**§ 5.2.2** The Owner's final payment to the Contractor shall be made no later than thirty (30) days after the issuance of the Architect's final Certificate for Payment, and:

Complete submission and acceptance by the Owner of all Project close-out documentation – O & M Manuals, As-Built Drawings, warranties and all other close-out documents, including but not limited to final waivers of lien and claim received by the Owner prior to the release of payment. The Owner shall also have received to its satisfaction the completion of all required testing of any and all equipment and building systems called for in the Contract with the Contractor or any of its subcontractors or suppliers.

**§ 5.3 Interest**
Payments due and unpaid under the Contract shall bear interest from the date payment is due at the rate stated below, or in the absence thereof, at the legal rate prevailing from time to time at the place where the Project is located.
*(Insert rate of interest agreed upon, if any.)*

   % NOT APPLICABLE

**ARTICLE 6    DISPUTE RESOLUTION**
**§ 6.1 Initial Decision Maker**
The Architect will serve as the Initial Decision Maker pursuant to Article 15 of AIA Document A201–2017, unless the parties appoint below another individual, not a party to this Agreement, to serve as the Initial Decision Maker.
*(If the parties mutually agree, insert the name, address and other contact information of the Initial Decision Maker, if other than the Architect.)*

**§ 6.2 Binding Dispute Resolution**
For any Claim subject to, but not resolved by, mediation pursuant to Article 15 of AIA Document A201–2017, the method of binding dispute resolution shall be as follows:
*(Check the appropriate box.)*

    [   ]    Arbitration pursuant to Section 15.4 of AIA Document A201–2017

    [ X ]    Litigation in a court of competent jurisdiction located in Niagara County, New York

    [   ]    Other *(Specify)*

If the Owner and Contractor do not select a method of binding dispute resolution, or do not subsequently agree in writing to a binding dispute resolution method other than litigation, Claims will be resolved by litigation in a court of competent jurisdiction.

AIA Document A101 – 2017. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991, 1997, 2007 and 2017. All rights reserved. "The American Institute of Architects," "American Institute of Architects," "AIA," the AIA Logo, and "AIA Contract Documents" are registered trademarks of The American Institute of Architects. This document was produced at 10:45:29 ET on 03/21/2023 under Order No.2114418417 which expires on 03/19/2024, is not for resale, is licensed for one-time use only, and may only be used in accordance with the AIA Contract Documents® Terms of Service. To report copyright violations, e-mail docinfo@aiacontracts.com.
User Notes:

Init.

*I*

(1349137491)

## ARTICLE 7  TERMINATION OR SUSPENSION
**§ 7.1** The Contract may be terminated by the Owner or the Contractor as provided in Article 14 of AIA Document A201–2017.

**§ 7.1.1** If the Contract is terminated for the Owner's convenience in accordance with Article 14 of AIA Document A201–2017, then the Owner shall pay the Contractor a termination fee as follows:
*(Insert the amount of, or method for determining, the fee, if any, payable to the Contractor following a termination for the Owner's convenience.)*

Section 14.4.3 of AIA A-201 – 2017.

**§ 7.2** The Work may be suspended by the Owner as provided in Article 14 of AIA Document A201–2017.

## ARTICLE 8  MISCELLANEOUS PROVISIONS
**§ 8.1** Where reference is made in this Agreement to a provision of AIA Document A201–2017 or another Contract Document, the reference refers to that provision as amended or supplemented by other provisions of the Contract Documents or as may have been amended by mutual agreement of the parties hereto.

**§ 8.2** The Owner's representative:
*(Name, address, email address, and other information)*

Project Manager:
Niagara University:
  Keith Sargent, Campus Superintendent

**§ 8.3** The Contractor's representative:
*(Name, address, email address, and other information)*

Bob Kilijanski, Vice President Refrigeration Dept.

**§ 8.4** Neither the Owner's nor the Contractor's representative shall be changed without ten days' prior notice to the other party.

### § 8.5 Insurance and Bonds
**§ 8.5.1** The Owner and the Contractor shall purchase and maintain insurance as set forth in AIA Document A101™–2017, Standard Form of Agreement Between Owner and Contractor where the basis of payment is a Stipulated Sum, Exhibit A, Insurance and Bonds, and elsewhere in the Contract Documents.

**§ 8.5.2** The Contractor shall provide bonds as set forth in AIA Document A101™–2017 Exhibit A, and elsewhere in the Contract Documents.**\* NOT APPLICABLE \***

**§ 8.6** Notice in electronic format, pursuant to Article 1 of AIA Document A201–2017, may be given in accordance with AIA Document E203™–2013, Building Information Modeling and Digital Data Exhibit, if completed, or as otherwise set forth below:
*(If other than in accordance with AIA Document E203–2013, insert requirements for delivering notice in electronic format such as name, title, and email address of the recipient and whether and how the system will be required to generate a read receipt for the transmission.)*

**Init.**

**/**

AIA Document A101 – 2017. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991, 1997, 2007 and 2017. All rights reserved. "The American Institute of Architects," "American Institute of Architects," "AIA," the AIA Logo, and "AIA Contract Documents" are registered trademarks of The American Institute of Architects. This document was produced at 10:45:29 ET on 03/21/2023 under Order No.2114418417 which expires on 03/19/2024, is not for resale, is licensed for one-time use only, and may only be used in accordance with the AIA Contract Documents® Terms of Service. To report copyright violations, e-mail docinfo@aiacontracts.com.
**User Notes:**                                                                                                                      (1349137491)

**§ 8.7** Other provisions:

For change order work performed by a subcontractor pursuant to a Change Order issued under this clause, each subcontractor shall be paid (i) one hundred percent (100%) of its actual work costs (labor and materials) as allowed under Cost of the Work, plus (ii) no more than ten percent (10%) of the total of its work costs specified in (i) above as its overhead and profit. In the event tiered subcontractor work is required, in no instance shall the combined tiered subcontractor and subcontractor mark-up exceed twenty percent (20%) of the actual work costs.

**ARTICLE 9    ENUMERATION OF CONTRACT DOCUMENTS**
**§ 9.1** This Agreement is comprised of the following documents:
 .1 AIA Document A101™–2017, Standard Form of Agreement Between Owner and Contractor
 .2 **AIA Document A201™ -2017, Exhibit B, General Conditions of the Contract for Construction**
 .3 Exhibit A Niagara University Insurance Requirements for Contractors
 .4 AIA Document E203™–2013, Building Information Modeling and Digital Data Exhibit, dated as indicated below:
  *(Insert the date of the E203-2013 incorporated into this Agreement.)*

 .5 Drawings

  | Number | Title | Date |
  Design Build by Mollenberg Betz

 .6 Specifications

  | Section | Title | Date | Pages |
  Design Build by Mollenberg Betz

 .7 Addenda, if any:

  | Number | Date | Pages |
  NOT APPLICABLE

  Portions of Addenda relating to bidding or proposal requirements are not part of the Contract Documents unless the bidding or proposal requirements are also enumerated in this Article 9.

 .8 Other Exhibits:
  *(Check all boxes that apply and include appropriate information identifying the exhibit where required.)*

  [ ] AIA Document E204™–2017, Sustainable Projects Exhibit, dated as indicated below:
   *(Insert the date of the E204-2017 incorporated into this Agreement.)*

  [ ] The Sustainability Plan:

   | Title | Date | Pages |
   NOT APPLICABLE

  [ ] Supplementary and other Conditions of the Contract:

AIA Document A101 – 2017. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991, 1997, 2007 and 2017. All rights reserved. "The American Institute of Architects," "American Institute of Architects," "AIA," the AIA Logo, and "AIA Contract Documents" are registered trademarks of The American Institute of Architects. This document was produced at 10:45:29 ET on 03/21/2023 under Order No.2114418417 which expires on 03/19/2024, is not for resale, is licensed for one-time use only, and may only be used in accordance with the AIA Contract Documents® Terms of Service. To report copyright violations, e-mail docinfo@aiacontracts.com.
User Notes: (1349137491)

| Document | Title | Date | Pages |
|---|---|---|---|
| NOT APPLICABLE | | | |

.9    Other documents, if any, listed below:
*(List here any additional documents that are intended to form part of the Contract Documents. AIA Document A201™–2017 provides that the advertisement or invitation to bid, Instructions to Bidders, sample forms, the Contractor's bid or proposal, portions of Addenda relating to bidding or proposal requirements, and other information furnished by the Owner in anticipation of receiving bids or proposals, are not part of the Contract Documents unless enumerated in this Agreement. Any such documents should be listed here only if intended to be part of the Contract Documents.)*

Contractor's Bid Proposal Dated: **February 22, 2023**
List of Contractor Reductions Dated:
Contractor's Revised Proposal Dated:
All Change Orders:

This Agreement entered into as of the day and year first written above.

**NIAGARA UNIVERSITY**                                    **MOLLENBERG-BETZ INC.**

_____                   _____
OWNER *(Signature)*                                         CONTRACTOR *(Signature)*

Robert Morreale,  Niagara University CFIO            Branden Canam, CFO
*(Printed name and title)*                                   *(Printed name and title)*

AIA Document A101 – 2017. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991, 1997, 2007 and 2017. All rights reserved. "The American Institute of Architects," "American Institute of Architects," "AIA," the AIA Logo, and "AIA Contract Documents" are registered trademarks of The American Institute of Architects. This document was produced at 10:45:29 ET on 03/21/2023 under Order No.2114418417 which expires on 03/19/2024, is not for resale, is licensed for one-time use only, and may only be used in accordance with the AIA Contract Documents® Terms of Service. To report copyright violations, e-mail docinfo@aiacontracts.com.
User Notes:                                                                                                    (1349137491)

# *Additions and Deletions Report for*
*AIA® Document A101® – 2017*

This Additions and Deletions Report, as defined on page 1 of the associated document, reproduces below all text the author has added to the standard form AIA document in order to complete it, as well as any text the author may have added to or deleted from the original AIA text. Added text is shown underlined. Deleted text is indicated with a horizontal line through the original AIA text.

Note: This Additions and Deletions Report is provided for information purposes only and is not incorporated into or constitute any part of the associated AIA document. This Additions and Deletions Report and its associated document were generated simultaneously by AIA software at 10:45:29 ET on 03/21/2023.

## PAGE 1

AGREEMENT made as of the 24th_ day of February_ in the year 2023

...

NIAGARA UNIVERSITY
P.O. BOX 2015
Niagara University, New York  14109-2015

...

MOLLENBERG-BETZ INC
300 Scott Street
Buffalo, New York 14204

...

*(Name, location and detailed description)*

NIAGARA UNIVERSITY
Project Location: Dwyer Arena
Project Name: Dwyer Arena Main Rink Subfloor Piping Replacement
Project Number:

...

The Owner and Contractor agree as follows.

Scope of Work
- Drain glycol from rink and subfloor piping into frac tank & totes.
- Disconnect rink and subfloor piping from system.
- Removal/reinstall of dasher boards has been provided in a separate proposal. Should owner prefer Mollenberg-Betz to subcontract this work, a 10% markup will be added.
- Dasher boards will remain on the "warm" perimeter slab.
- Remove a section of the existing bleachers and reinstall once boards are reinstalled.
- Cut out and remove the existing concrete floor, piping, and insulation.
- Cut & excavate header trench along the perimeter of the rink from the new valves outside to the header locations within the rink.
- Survey perimeter concrete to establish a benchmark for the new floor.
- Install (2) subfloor and rink floor temperature sensors to provide underfloor readouts.
- Install new HDPE subfloor heating piping and pressure test.
- Install sand base over subfloor system and survey floor to make sure it is level.
- Install (2) layers of 1-1/2" think Styrofoam insulation board (25psi) and survey elevations

Additions and Deletions Report for AIA Document A101 – 2017. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991, 1997, 2007 and 2017. All rights reserved. "The American Institute of Architects," "American Institute of Architects," "AIA," the AIA Logo, and "AIA Contract Documents" are registered trademarks of The American Institute of Architects. This document was produced at 10:45:29 ET on 03/21/2023 under Order No.2114418417 which expires on 03/19/2024, is not for resale, is licensed for one-time use only, and may only be used in accordance with the AIA Contract Documents® Terms of Service. To report copyright violations, e-mail docinfo@aiacontracts.com.
User Notes:                                                                                                      (1349137491)

- to confirm a uniform level is maintained.
- Install vapor barrier on top of insulation layer.
- Install new HDPE rink system headers in the floor and pipe along excavated trench to tie into valves located outside the rink.
- Install new rink system chairs with rebar reinforcement & HDPE rink piping.
- Install rink perimeter loop.
- Survey rink piping to make sure it is within elevation tolerances.
- Install expansion joint around the perimeter of the rink floor.
- Install steel mesh overtop of the rink piping & rebar.
- Pour new 5" concrete rink floor slab and level to within tolerances.
- Install compression joint over top the expansion joint around the perimeter of the rink.
- Backfill exterior header trench and pour new concrete slab.
- Re charge subfloor and rink floor systems with glycol, then circulate, vent and balance.
- Estimated duration of work is approximately 24 weeks.

Notes and Exceptions,
1.   Sales or use taxes are not included in our pricing. If applicable, they will be added to the quoted price. If the project is treated as a capital improvement, the quoted price will increase by the cost incurred by Mollenberg-Betz.
2.   No additional Rink Seal is included in the price.
3.   No subfloor drainage included.
4.   Rink is assumed to have zero permafrost.
5.   Price does not include any major escalation costs.
6.   All newly installed piping and system components shall be designed, installed and commissioned per the current ASME B31.5, ASHRAE-15, NY-IMC, and the ASME BPV codes, following good industry practices.
7.   All existing isolation valves are required to hold properly. If valves do not hold as designed, then MBI to provide pump out of item in question on a T&M basis.
8.   All work is assumed to be done on straight time. No overtime included.
9.   Above pricing valid for 30 days.

.

## PAGE 3

The Contract Documents consist of this Agreement, Conditions of the Contract (General, Supplementary, and other Conditions), the Contract Bid Documents, Drawings, Specifications, Addenda issued prior to execution of this Agreement, other documents listed in this Agreement, and Modifications issued after execution of this Agreement, all of which form the Contract, and are as fully a part of the Contract as if attached to this Agreement or repeated herein. The Contract represents the entire and integrated agreement between the parties hereto and supersedes prior negotiations, representations, or agreements, either written or oral. An enumeration of the Contract Documents, other than a Modification, appears in Article 9.  In interpreting the Contract Documents, the Agreement and the General Conditions shall take priority over any supplemental or other conditions, drawings, specifications and other Contract Documents, unless expressly stated to the contrary in those other documents.

...

The Contractor shall fully execute the Work described in the Contract Documents, Documents for all construction of Dwyer Arena Main Rink Subfloor Piping Replacement, including architectural, mechanical, electrical and sitework made necessary by the construction activity.  The work to be done under the contract and in accordance with the Contract Documents consists of performing, installing, furnishing and supplying all equipment, labor and incidentals necessary, as well as all duties and obligations imposed upon the Contractor, except as specifically indicated in the Contract Documents to be the responsibility of others.

...

[ X ]    Established as follows:

Additions and Deletions Report for AIA Document A101 – 2017. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991, 1997, 2007 and 2017>. All rights reserved. "The American Institute of Architects," "American Institute of Architects," "AIA," the AIA Logo, and "AIA Contract Documents" are trademarks of The American Institute of Architects. This draft was produced at 10:45:29 ET on 03/21/2023 under Order No.2114418417 which expires on 03/19/2024, is not for resale, is licensed for one-time use only, and may only be used in accordance with the AIA Contract Documents® Terms of Service. To report copyright violations, e-mail docinfo@aiacontracts.com.
User Notes:

(1349137491)

...

> The Work to be performed under this Agreement shall commence immediately upon receipt of the fully executed Contract.

**PAGE 4**

**§ 3.2** The Contract Time shall be measured from the date of commencement of the Work. The Contractor acknowledges that time is of the essence for this Project,

...

[ **X** ]    By the following date: September 03, 2023

...

**§ 3.4** Scheduled Completion Dates. Within (    ) days of the date of the award of this Contract, the Contractor shall submit for the review of the Owner and the Architect a schedule ("Completion Date Schedule") that sets forth the rate of progress and practical order of the Work, including the scope of Work included in each such portion and also including the dates for starting and completing each portion of the Work, (each such completion date is a "Scheduled Completion Date"). Subject to delays and extensions of time as set forth in §8 .3 of the General Conditions, Contractor shall complete each portion of the Work by the applicable Scheduled Completion Date, as set forth on the Completion Date Schedule.

**§ 3.5** Monthly Narrative Reports. In addition to all other reports required to be provided by the Contractor pursuant to the Construction Documents, the Contractor shall provide to the Owner and the Architect monthly narrative reports which shall include (i) a description of the current and anticipated problem areas, delaying factors, and their impact, (ii) an explanation of corrective action taken or proposed, and (iii) if the Project is not in compliance with the dates provided in the Completion Date Schedule, an explanation of what measures will be taken in the next thirty (30) days to put the Work back on schedule and in compliance with the Completion Date Schedule.

**§ 3.6** The Contractor shall achieve final completion of the entire work no later than October 1, 2023. This shall include all punch list work and demobilization off-site.

**§ 4.1** The Owner shall pay the Contractor the Contract Sum in current funds for the Contractor's performance of the Contract. The Contract Sum shall be One Million One Hundred Thousand Dollars and 00/ cents  ($ 1,100,000.00  ), subject to additions and deductions as provided in the Contract Documents. The Contract Sum includes all expenses necessary to complete the Work and has taken into account all foreseeable factors, including but not limited to increased prices and delay.

...

| | |
|---|---|
| Base Bid: | $1,100,000.00 |
| Performance Bond Premium: | $0 |
| Alternates (Add/Deduct): | $0 |
| TOTAL CONTRACT SUM: | $1,100,000.00 |

**PAGE 5**

NOT APPLICABLE                INCLUDE ALLOWANCES IF REQUIRED

...

NOT APPLICABLE

...

NOT APPLICABLE

Additions and Deletions Report for AIA Document A101 – 2017. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991, 1997, 2007 and 2017>. All rights reserved. "The American Institute of Architects," "American Institute of Architects," "AIA," the AIA Logo, and "AIA Contract Documents" are trademarks of The American Institute of Architects. This draft was produced at 10:45:29 ET on 03/21/2023 under Order No.2114418417 which expires on 03/19/2024, is not for resale, is licensed for one-time use only, and may only be used in accordance with the AIA Contract Documents® Terms of Service. To report copyright violations, e-mail docinfo@aiacontracts.com.
User Notes:                                                                (1349137491)

3

...

NOT APPLICABLE

...

§ **5.1.2** The period covered by each Application for Payment shall be one calendar month ending on the last day of the ~~month, or as follows:~~month.

...

§ **5.1.3** ~~Provided that an Application for Payment is received by the Architect not later than the   day of a month, the~~ The Owner shall make payment of the amount certified to the Contractor ~~not later than the   day of the    month. If an~~ within thirty (30) days after the Application for Payment is received by the Architect ~~after the application date fixed above, payment of the amount certified shall be made by the Owner not later than    (  ) days after the Architect receives the Application for Payment.~~and approved by the Owner.

...

Per the following payment schedule:

Part 1 Due April 30th...................................................... $250,000.00
Part 2 Due May 31st....................................................... $250,000.00
Part 3 Due June 30th...................................................... $250,000.00
Part 4 Due July 31st....................................................... $250,000.00
Part 5 Due September 30th............................................. $100,000.00

**PAGE 6**

Zero Percent (0%) Retainage

...

NOT APPLICABLE

...

NOT APPLICABLE

...

NOT APPLICABLE

§ **5.1.8** ~~If final completion of the Work is materially delayed through no fault of the Contractor, the Owner shall pay the Contractor any additional amounts in accordance with Article 9 of AIA Document A201-2017.~~Except with the Owner's prior approval, the Contractor shall not make advance payments to suppliers for materials or equipment which have not been delivered and stored at the site.

§ ~~5.1.9 Except with the Owner's prior approval, the Contractor shall not make advance payments to suppliers for materials or equipment which have not been delivered and stored at the site.~~

**PAGE 7**

§ **5.2.2** The Owner's final payment to the Contractor shall be made no later than ~~30~~thirty (30) days after the issuance of the Architect's final Certificate for Payment, ~~or as follows:~~and;

Additions and Deletions Report for AIA Document A101 – 2017. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991, 1997, 2007 and 2017>. All rights reserved. "The American Institute of Architects," "American Institute of Architects," "AIA," the AIA Logo, and "AIA Contract Documents" are trademarks of The American Institute of Architects. This draft was produced at 10:45:29 ET on 03/21/2023 under Order No.2114418417 which expires on 03/19/2024, is not for resale, is licensed for one-time use only, and may only be used in accordance with the AIA Contract Documents® Terms of Service. To report copyright violations, e-mail docinfo@aiacontracts.com.
User Notes:                                                                                                                  (1349137491)

Complete submission and acceptance by the Owner of all Project close-out documentation – O & M Manuals, As-Built Drawings, warranties and all other close-out documents, including but not limited to final waivers of lien and claim received by the Owner prior to the release of payment. The Owner shall also have received to its satisfaction the completion of all required testing of any and all equipment and building systems called for in the Contract with the Contractor or any of its subcontractors or suppliers.

...

% NOT APPLICABLE

...

[ X ]    Litigation in a court of competent jurisdiction located in Niagara County, New York

PAGE 8

Section 14.4.3 of AIA A-201 – 2017.

...

§ 8.1 Where reference is made in this Agreement to a provision of AIA Document A201–2017 or another Contract Document, the reference refers to that provision as amended or supplemented by other provisions of the Contract Documents.Documents or as may have been amended by mutual agreement of the parties hereto.

...

Project Manager:
Niagara University:
Keith Sargent, Campus Superintendent

...

Bob Kilijanski, Vice President Refrigeration Dept.

...

§ 8.5.2 The Contractor shall provide bonds as set forth in AIA Document A101™–2017 Exhibit A, and elsewhere in the Contract Documents.Documents.* NOT APPLICABLE *

PAGE 9

For change order work performed by a subcontractor pursuant to a Change Order issued under this clause, each subcontractor shall be paid (i) one hundred percent (100%) of its actual work costs (labor and materials) as allowed under Cost of the Work, plus (ii) no more than ten percent (10%) of the total of its work costs specified in (i) above as its overhead and profit. In the event tiered subcontractor work is required, in no instance shall the combined tiered subcontractor and subcontractor mark-up exceed twenty percent (20%) of the actual work costs.

...

.2    AIA Document A101™ 2017, Exhibit A, Insurance and Bonds
.3    AIA Document A201™ 2017, A201™ -2017, Exhibit B, General Conditions of the Contract for Construction
.3    Exhibit A Niagara University Insurance Requirements for Contractors

...

Design Build by Mollenberg Betz

---

Additions and Deletions Report for AIA Document A101 – 2017. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991, 1997, 2007 and 2017>. All rights reserved. "The American Institute of Architects," "American Institute of Architects," "AIA," the AIA Logo, and "AIA Contract Documents" are trademarks of The American Institute of Architects. This draft was produced at 10:45:29 ET on 03/21/2023 under Order No.2114418417 which expires on 03/19/2024, is not for resale, is licensed for one-time use only, and may only be used in accordance with the AIA Contract Documents® Terms of Service. To report copyright violations, e-mail docinfo@aiacontracts.com.
User Notes:                                                                                                            (1349137491)

| Document | Title | Date | Pages |
|---|---|---|---|
| NOT APPLICABLE | | | |

.9   Other documents, if any, listed below:
*(List here any additional documents that are intended to form part of the Contract Documents. AIA Document A201™–2017 provides that the advertisement or invitation to bid, Instructions to Bidders, sample forms, the Contractor's bid or proposal, portions of Addenda relating to bidding or proposal requirements, and other information furnished by the Owner in anticipation of receiving bids or proposals, are not part of the Contract Documents unless enumerated in this Agreement. Any such documents should be listed here only if intended to be part of the Contract Documents.)*

Contractor's Bid Proposal Dated: **February 22, 2023**
List of Contractor Reductions Dated:
Contractor's Revised Proposal Dated:
All Change Orders:

This Agreement entered into as of the day and year first written above.

NIAGARA UNIVERSITY                3/21/2023        MOLLENBERG-BETZ INC.

OWNER *(Signature)*                                    CONTRACTOR *(Signature)*
Robert Morreale, Niagara University CFIO        Brandon Canam, CFO
*(Printed name and title)*                            *(Printed name and title)*

Init.

/

AIA Document A101 -- 2017. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991, 1997, 2007 and 2017. All rights reserved. "The American Institute of Architects," "American Institute of Architects," "AIA," the AIA Logo, and "AIA Contract Documents" are registered trademarks of The American Institute of Architects. This document was produced at 10:45:29 ET on 03/21/2023 under Order No.2114418417 which expires on 03/19/2024, is not for resale, is licensed for one-time use only, and may only be used in accordance with the AIA Contract Documents® Terms of Service. To report copyright violations, e-mail docinfo@aiacontracts.com.
User Notes:                                                                                    (1349137491)

10